UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-00966-CAS | Date | June 2, 2014 |
|---|---|---|---|
| Title | IN RE EUTIMIO C. HERNANDEZ | | |
| | Bankruptcy No.: 2:14-bk-10648 WB | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eutimio Hernandez, Pro Se<br>J. Lydia Hernandez, Pro Se | Not Present |

Proceedings:   MOTION FOR MANDATORY WITHDRAWAL OF REFERENCE (Dkt. 1, filed February 7, 2014)

On January 13, 2014, debtor Eutimio Hernandez filed this voluntary Chapter 13 petition in the Bankruptcy Court for the Central District of California. See Case No. 2:14-bk-10648-WB. On January 30, 2014, and February 4, 2014, debtor initiated several adversary proceedings against various defendants. Bankruptcy Dkts. 9, 10. On February 7, 2014, debtor filed a motion in this Court to withdraw the reference of these adversary proceedings to the bankruptcy court. Dkt. 1. No opposition has been filed.

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Section 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). "A motion to withdraw the reference is not a substitute for an appeal . . . . [T]he bankruptcy court would be largely meaningless if a motion to withdraw the reference

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     JS-6

| Case No. | 2:14-cv-00966-CAS | Date | June 2, 2014 |
|---|---|---|---|
| Title | IN RE EUTIMIO C. HERNANDEZ | | |

could be used instead." FTC v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.), 282 B.R. 894, 903 (C.D. Cal. 2001). The party seeking withdrawal bears the burden of persuasion. Id. at 902.

     Here, a review of the Bankruptcy Court docket reveals that, on February 27, 2014, the Bankruptcy Court issued an order dismissing the bankruptcy case due to debtor's failure to appear at a mandatory meeting under 11 U.S.C. 341(a). Bankruptcy Court Dkt. 13; see also Bankruptcy Court Dkt. 12 (Chapter 13 Trustee's declaration describing debtor's failure to appear). The Bankruptcy Court ordered that: "The case is dismissed, the automatic stay is vacated, and all pending motions and adversary proceedings are moot and dismissed." Bankruptcy Court. Dkt. 13. Because the bankruptcy court dismissed all pending adversary proceedings, there do not appear to be any proceedings eligible for withdrawal under 28 U.S.C. § 157(d). Accordingly, debtor's motion to withdraw the reference is hereby DENIED as moot.

     IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |